May it please the Court. Good morning, Your Honors. My name is Owen Mardikin, representing the United States. I'd like to reserve five minutes for rebuttal. An ex post facto clause challenge has generally two components. First, the determination of whether the law under attack is punitive, and second, the determination of whether that law is applied retrospectively to the defendant. In this case, with respect to Section 2260A, the determination is, was this law applied retrospectively either to the defendant's sex offenses convictions in 1980 or 86, or to somehow his status as a recidivist? The answer to that question has to be no, based on this Court's precedent and precedent from the United States Supreme Court. In the Azarte Arzate Nunez case, this Court examined just this question, whether a sentencing enhancement violated the ex post facto clause because it looked and it imposed increased punishment for the first offense that led to the person's prior conviction. And the Court said no. The Court said that the sentencing enhancement applies to the latest in time conviction only. Also, the United States Supreme Court in Rodriguez, in a case examining the Armed Career Criminal Act, looked at the same issue and said that that sentencing enhancement applies 100 percent to the last crime of conviction, 0 percent to either the earlier crimes of conviction or to the person's status as a recidivist. I mean, I get it that the argument here is an attempt to say something a little different, which is he that what mattered is not what he had done, but whether he was under an obligation to register at the time he committed the new offense and he couldn't have been under an obligation to register because that would be an ex post facto problem. Is that what they're trying to say? I think, yes, in part, Your Honor. And I think the defense and where the district court agreed with the defense is in trying to graft the sex registration argument requirement into Section 2268. I think the conclusion is incorrect, however, which requires, one, the conclusion that the sex registration requirement in itself was punitive, which this Court has held it was not. And, second, that it is somehow the status as a registrant that the statute is punishing rather than the charged crime in this case, which, again, is contrary to what this Court decided in Azarte-Unias and in Rodriguez and other cases. The issue of expungement, I think, is also irrelevant for some other reasons. First, although we have been using the shorthand term expungement in the briefing in this case, Section 1203.4 is not an expungement statute. By its very terms, that statute says that anyone whose conviction is dismissed under the statute, that conviction may still be pleaded and proved and used against them in any subsequent proceeding. So as this Court noted in Hayden, United States v. Hayden, 2001, that is a sweeping limitation on that statute and makes it in no real sense an expungement statute at all. So at the time of this conviction, not to say even before the time of the expungement, it was clear in the law that expungement is not expungement as it is in the statute. And I thought at the time of the conviction in both instances, there was – there may have been some general requirement or availability of using it, but not to use it as the requirement to register as a sex offender. At the time of Mr. Hardiman's first conviction in 1980, there was a requirement to register imposed. At that time, had he successfully completed probation and filed the motion to have the 1203.4- Then he no longer had to register. That was changed, right? It was changed in 1982. Correct. So about a year and a half before Mr. Hardiman actually moved for expungement or dismissal, rather, the law was changed. So for that time, he knew that the consequence of this expungement or, so to speak, expungement was no longer going to be the fact that he would not have to register anymore. And yet he still went forward with the expungement rather than, for example, moving to withdraw his plea because he somehow didn't get what he had bargained for or because he believed there was some ex post facto clause problem at that time. But basically, your position turns on the fact – on the Supreme Court in other cases holding that the registration requirement is not punitive. Because if it was punitive, there would be a retroactivity problem here. There would be retroactivity problems with respect to any defendant whose sex offense predated the enactment of either this statute or the 2250 disorder. And what Judge Seaborg and your opponents seem to be maintaining is that the punitive element that is missing in the registration itself is being supplied by the fact of this conviction as to which he in fact he is being punished for being under a registration requirement as at least one part of the element of what he's being punished for. Yes. That is clearly the position that the – Well, isn't he being punished for being – at least in part for being under a registration requirement and doing X? In other words, he is being punished for being under a registration requirement and doing X. Respectfully, no. He's being punished, as the Court said in Rodriguez, 100 percent for committing a subsequent, very enumerated, serious Federal sex crime. And when he is under a registration requirement. Yes. Now, that piece of the statute is really just a proxy for saying that he's committed a prior offense. Well, but that's not the requirement. The requirement is he's under a registration requirement. So it seems to me that conceptually – I mean, the reason why generally recidivism statutes are not ex post facto problems is because you're not being punished for the prior offense. You're being punished for having done X when you have done Y previously. You're not being punished for having done Y previously. And the question is, does that same logic apply here? You're being punished – but you're not being punished for having committed a sex crime. You're being punished for having done X when, at the time you did it, you were required to register. So it does seem slightly different. It's different, but not in a way that requires a legal distinction. And the reason is that the same reasoning would apply to 2250. 2250 is the crime of failing to register as a sex offender. And it has two parts. One part, that the person is required to register as a sex offender. Now, there's an interstate commerce component that we could put aside for the moment. And the other part is that that person committed the bad act of failing to register. And let me see if I – under 2260A, it doesn't matter whether the person has properly registered or has failed to register. The only dividing line is that they are a person required to register by virtue of having committed a previous crime. Yes. So it isn't – they could have registered dutifully every day, and this would still apply. If they committed the enumerated offense. Right, right, and of course, because otherwise the 2260A doesn't come into play unless you've committed the enumerated offense. Just as the way that Section 2250 is set up, one can register dutifully for one's whole life, but the penalty only comes into play when someone knowingly fails to register. So there are two pieces of the statute that are the same as the two pieces of the statute here. The fact that the person is required to register as a sex offender is not punished, because as Your Honor said, someone can go through their whole life having to register as a sex offender and never commit one of these fairly serious Federal sex offenses and be subject to 2260A's punishment. I'd also note that in this case, Mr. Hardiman was always under a duty to register. This is not a case where that duty ever lapsed. So in that sense, it's also similar to some of the other cases. Because of the 1982 legislation that pertained to his ongoing felony conviction at that time. Yes, Your Honor. And so it's, in that respect, somewhat similar to a statute of limitations case. But you're not arguing or you're saying you don't need to argue and you never do affirmatively argue, I think, that that decision was not an ex post facto decision. Were it applicable to something that was punishment? Well. In other words, if somebody is told, if you do X, Y, and Z, you won't be punished. And then in the middle, while he's doing X, Y, and Z, they say, oh, forget it, you will be punished, i.e., even though we said you don't have to go to jail, you do have to go to jail, I assume that's an ex post facto problem. If the punishment were simply imposed because of the ongoing status, it would be, yes, Your Honor. And the statute doesn't work that way here, which is, I believe, the key distinction. I'd like to say that. Because it's not punishment. In other words, the only reason why it's not ex post facto is because it's been determined not to be punishment. The registration requirement is determined not to be punishment. That's correct. But to argue that it were, I think, would affect not just this case, but any case where anyone had a sex offense conviction that predated 2008. I'd like to touch very briefly on the due process issue, because I think it's completely covered by this Court's opinion in the juvenile mail case from earlier this year, where the Court said that with respect to sex registration, the defendant gets all the process that they're due in the context of the prior judicial proceeding, which is what happened here. Mr. Hardiman had the process that he was due in the context of his prior conviction. And with that, Your Honor, I'd like to reserve my remaining time. You may do that. Thank you, Your Honor. Good morning, and may it please the Court. My name is Daniel Blank, and I represent Gary Hardiman. Under the unique facts of this case, the court did not err in dismissing Count II, which charged a violation of 2260A, which, contrary to the suggestions of my opponent, is not a typical statute at all. It's a very atypical sex offender statute. I just wanted to be clear, too, that Mr. Hardiman is still facing 30 years' imprisonment on Count I, regardless of how this Court rules on the issue on Count II. It's not like 2250A for four reasons. One is that 2250A punishes a failure to register, and that's why it's so different from Elkins. And that takes it completely out of the ex post facto analysis, because failing to register is a continuing offense. But it's different in more ways, too. What it does, and this is unique as far as I know. Wait a minute. Wait. Stop. The – my understanding is that what you're looking – that the real problem here is all the law that says that the registration requirement is not punishment. I mean, to me, that's a dubious proposition, but that's the law. That being the case, you're trying to find something that is punishment in order to attach an ex post facto problem to it. So why isn't the failure to register the same in the sense that you're now punishing somebody for being under an obligation to register and doing something else? In that instance, it's failure to register, and here it's doing another crime. I don't see why they're not the same. I can answer that, because what the principles of ex post facto law require the Court to do is to look at the statutes in toto and see if there's any significant risk of additional punishment. And what we have here is additional punishment. It's mandatory minimum consecutive punishment. So it's not just a factor. But it's punishment for the new crime. It becomes operable only, absolutely only, if he commits the new crime. Correct. But it's addition to that. Right. But it's additional punishment for the commission of the new crime by a certain type of person, that is, a registered sex offender type person. Correct. But it's 100%, isn't it, punishment for the new crime? It's not. And here's why. Count 1, the way the 2260A is set up, and this is unique as far as I know, it says you're going to get a punishment for count 1, and then there's count 2. You're going to get additional punishment on top of count 1 based upon what? Based upon, as Judge Berzon said, this additional fact of being under a duty to register at the time that you committed count 1. It is entirely, it's the opposite of what counsel said, it's entirely about the duty to register because It's entirely about being sentenced for the new offender type of offense. Because it says you're sentenced to a term of 10 years in addition to the imprisonment imposed for the main offense. So you get extra time for your current crime. That's how it reads to me. And that would be okay if it were limited to things that could not be retroactive, like prior convictions. This is what makes this so different from a recidivist statute. Recidivist statutes rely on prior convictions. By definition, a prior conviction cannot be retroactive, otherwise it would not be a valid prior conviction. But this isn't either because this has to do with the time of the commission of the crime. If you don't become obligated to register as a sex offender until after you've committed one of these felonies, this doesn't apply. So you have to have been required to register. Whether you did it properly or not doesn't matter. You have to have been required to register at the time you commit this crime. But that duty to register, if it exists, can arise from many different sources, some of them not convictions at all. And all of them deemed non-punitive by the Supreme Court. That's okay. And Your Honor's decision in Hatton, I think, is the place to begin, that said, look, this is retroactive, but it's not punishment, because registering itself isn't retroactive. But what that really means Is it punishment? What's that? Because registering itself is not punishment. That's what this Court has held. But what the ex post facto analysis asks is, is there a significant risk that this retroactive thing, in this case a registration requirement, which otherwise he would not be under because it is retroactive, but merely because registration itself is not punishment. Can that thing lead to additional punishment? And it does. It did. Well, it's creative. But it seems to me that it's difficult to get around the fact that all of the punishment, including this 10 years, has to do with the commission of the new felony. Otherwise, there's no room for this to play. I mean, if he's acquitted of this new felony, then this goes away. It's not a freestanding punishment. It's a punishment for the new crime. That has actually never been held by this Court. And I want to ask the Court perhaps to analogize to 924C, which the Court may be familiar with. And in that case, it's a very similar thing. If you have a drug trafficking crime, and then 924C says, if you commit that drug trafficking crime while possessing a firearm in furtherance of that, then you get additional mandatory consecutive time. Even if you're acquitted of the underlying drug trafficking crime, you still can be convicted of the 924C. That's what this Court has held. And the reason is that it's a separate offense. And this is — Well, but that's not what 2260A says. And I dare say if your client were acquitted of the main charge, you would be making the argument that I'm now suggesting, which is you have to have committed the felony offense, the other offense, and this sentence is imposed on top of the imprisonment imposed for that other felony. So unless you have committed the felony and you're being sentenced for it, this doesn't even come into play. Well, here's another way to look at it, is that 2260A, I think, can be charged on its own. You know, it can — doesn't have to be count two. It can be the only count that's alleged. But none of this really matters under ex post facto law, because what ex post facto law looks to is additional punishment based upon a fact. The analogy is to Apprendi law, right? Under Apprendi, if you are exposed to additional punishment beyond that which you would have, other than for a fact of a prior conviction, that's subject to heightened constitutional scrutiny. Now, we're not bringing an Apprendi challenge here, but it's the same principle, which is that you're getting more punishment for what? It's for this additional fact of being under a duty. And if it was just a prior conviction, that would not be a problem. Or, alternatively, if it was within the 30-year statutory maximum for count one, and this is just a factor for the Court to consider under 3553A, also not a problem. But what we have here, it's a unique constellation of things, where the unique facts of this case in terms of timing runs into the unique features of this statute, which are unlike any other statute. I have another question to ask you, because I'm still mulling over your assertion that this can be a freestanding crime, because as I read it, this enhancement applies even if you have properly registered as a sex offender. Correct. That is, you have not done anything else. So — Correct. But you're being punished for committing the felony. I guess I just don't see how this could be a freestanding anything. Well, that may have — no one has construed this. This is such a new statute that no one has construed that one way or another. But here's another way to look at it. If what Your Honor is saying is true, then we'd have a double jeopardy problem. Because if you're just being punished for the new offense in count two, well, certainly you're being punished for the new offense in count one.  That's not what this is. How is that possible? Because registration is not a punishment. So being required to register is — The registration isn't the punishment. Ten years' mandatory minimum consecutive prison is the punishment. For the new crime. So if what Your Honor is saying is that count two — Enhancement. It's sentencing enhancement. Okay. If that's true, what is it being enhanced for? So you're saying you have a punishment for the underlying count, and then you have an enhancement. The enhancement — It's very similar. It's similar to a recidivism enhancement, it would seem to me, because the duty to register by definition arises from some adjudication of having been a sex offender previously. No, Your Honor. That's not correct. In California — this is another problem we have with 2260A is that it just piggybacks on to all the multivarious different sex offender registration requirements that can come up in all different ways. For example, not guilty by reason of insanity. For example, a juvenile adjudication. For example, an expungement. And I know whether it's an expungement or not, the actual order says order of an expungement. I understand that there are still some disabilities that pertain to that. All these things are without a conviction. And that's what's wrong — It's — I guess what I'm saying is it seems analogous to me. It is analogous. But we get off easy in the recidivism statute context because we don't have to consider the ex post facto problems because a prior conviction can never be retroactive. But a prior registration requirement can and is, in this case, under Hatton. What we have here is a retroactive registration requirement. And if registration itself were punishment, it would be unconstitutional under the ex post facto clause. Or if it raises a significant risk of additional punishment, it is also violative of the ex post facto clause. It wasn't — we didn't have a significant risk until 2268 was passed. And then we had a problem. Because what this does is the way it's constructed, mandatory minimum, consecutive time on top of the underlying count, not distinguishing between registration offenses that arise from a conviction or that may be retroactive or that come from something else. It just totally incorporates all these registration requirements from every different State, regardless of whether they're constitutionally questionable, regardless of whether they're retroactive. That's the problem that we have. And the other part is the punishment. And the Federal statute, 2268, adds that punishment. And the fact that Mr. Hardiman hadn't completed his expungement under 1203.4 at the time that the law changes of no moment, and that's under Lentz and Weaver. I mean, that's a significant risk of additional punishment at a different stage. But, well, maybe it's not. It's not. He wasn't — the issue is that it is retroactive because he was entitled to that in the same way someone serving their time is entitled to their good time credits. That was the issue in Hunter and Weaver and Lentz. And then they changed the law in the midstream. And they said that constitutes a violation of the Expos Facto Clause because it wasn't attenuated or speculative that you would be getting that relief. The same way 1203.4 relief was mandatory. In the cases I cited from California, I'll say that. It is mandatory, if he completed the terms of his probation, entitled to termination of the registration requirement. And that was at the time. But under the — this is a point that bothers me a little bit in the case, too. Under the law that existed at the time of his first crime, the 1980 or thereabouts felony conviction, he was not entitled to this, in quotes, expungement unless and until he completed the terms of his probation, right? Correct. What he was entitled to was a title to termination upon expungement. Let me finish the question. Carry on. I'm just — that's just the premise of the question. Very good. So at the time of his conviction, he had the possibility of this expungement if he did certain things. The promise of it. That was — right. Not the possibility, the promise. It was mandatory. But he had not fulfilled his part of the bargain by the time the law changed. That's correct. But that's not of no moment under the ex post facto clause in the cases I cited. The issue in those cases was good time credits. And you were entitled to either earn them or get them — depending on the case — or get them back. And then the rules of how good time credits changed. And there are cases going the other way where the relief, for example, whether you're going to get paroled early — this is the Morales case — said, look, it's speculative of whether you would have gotten paroled early. We're not talking about your eligibility even to be considered for it. You're having to say, for sure, I would have gotten it. And that isn't retroactive. But what is retroactive is that when you are entitled to something as a right, as the California courts have said you are under 1203.4 — Well, you are entitled to it as a right if you get to the far end, not initially. You have to go through that because if you screw up, you're also not entitled to it. Of course. But that's the benefit of your bargain. And, again, the California courts have recognized this, is when people plead guilty, as he did to the felony, as Nolo to the misdemeanor, what they're taking on is the law at that time and their inducements. And the inducement was, look, if you plead guilty and do a good job on your probation, not only would the conviction go away, you will never have to register. That was the law at the time of his offense, at the time of his plea, and at the time of his sentencing. He is entitled to that under the Ex Post Facto Clause, and the fact that they change it midstream doesn't affect the analysis. And, of course, in the misdemeanor, he had already been expunged before they changed the law to include the misdemeanors. Let me address briefly, and I almost have no time, the due process issue, which is alternate, and we don't — either one of these theories is fine, is not that he lacked notice of the — of the registration requirement. The issue is under Mendoza-Lopez, you can't include as an element in a criminal — a new criminal offense an unconstitutional administrative ruling, which this is now. The having a — to register, now that that can lead to additional punishment, makes the underlying registration requirement itself unconstitutional, just like an unconstitutional deportation. It's not notice. It's about the due process right not to have an element that is itself unconstitutional. Thank you very much, Your Honors. Mr. Mardikin, you have some time remaining. Thank you, Your Honors. I'd like to make three brief points. The first has to do with the discussion of entitlements and expectations and what Mr. Hardiman may have been entitled to in 1980. And I believe that Judge Graber had it right, which is that he wasn't entitled to anything at the time of his conviction. Well, he was entitled to be expunged if he did what they said. Yes. And he did do what they said. And upon successful completion of his probation, he was entitled to the relief in 1203.4. And that's as far as I'm concerned. And it seems to me that that's the weaker part of your case. And I'd like to know — I mean, to me, the interesting and hard question here is — comes back to the present, and whether the — whether the punitive element that is missing from the registration requirement itself is essentially added when there is a crime that requires — that is differentiated from the other crime only by the fact that he was under a registration requirement. And the question is, why isn't that in a realistic sense a punishment for the registration requirement? Now, I understand that — in other words, why can't you say that now what's happening is a person who is required to register, if they commit a Federal crime, is being not only required to register, but also sentenced additionally for being required to register? Because I think to reach that conclusion, one would have to rewrite completely two areas of the law that are — that have at least so far been settled in this circuit. The first is that the registration itself is not a — is not a punishment. And I also understand that in an ordinary recidivism situation, in which you've already been punished for the earlier sentence, and it's all in the past, it's nothing current, and you are now being punished for the status of having been a previous — committing a crime, having previously committed another crime. I understand that. Yes. But you were already punished once, and the question that's being filled in isn't what — you see, the difference is that — that here, the registration requirement, additional — isn't what's making it retroactive. It's what's making it punishment. In other words, it's all — what those cases say is this isn't retroactive. You're being punished for what you did now. All right? Here, we already have something that was retroactive. The question is, was it punishment? Well, and I think the answer to that is — is that that reasoning ignores the very serious crime that the defendant has to commit in order to even trigger this penalty. But he's being punished for that separately. So it seems to me he's now being punished for the crime plus having been required to register. Well, Your Honor, the 10-year consecutive sentence kicks in only once the predicate crime has been committed. I understand that. And these are — But it also only kicks in if he's required to register. So why isn't there punishment now being added to the requirement to register punishment? You see, that — I mean, that was helpful because I never really quite saw the difference. The difference, it seems to me, is that you're not trying to fill in the retroactivity. We already have the retroactivity. What he's saying is it's now punishment when it wasn't before. Right. Except that the retroactivity, when it's confined to the registration requirement, is something that every court has decided is okay for ex-plos facto martial principles. I understand that. It's not a case — But the question is that you're now punishing him for this. Yeah. This gets back to the Rodriquez question, which is, is this 2260A 100 percent punishment for the new crime, or in some sense, does it have some percentage attributable to the status of being a registered sex offender? And I believe the way to answer that question is this, Your Honor. Up until the day before Mr. Hardiman committed the charged offense, he was at 0 percent risk of facing a 10-year consecutive mandatory minimum. It simply could not happen. That risk arose the day that he committed this. And had he committed the crime and not been a registered sex offender, he was at 0 percent risk of having committed this crime. He was at 0 percent risk of facing that additional penalty. That's true. Right. Which is essentially defined as a separate crime. Do you — do you agree or disagree with the proposition that 2260A stands as a separately chargeable offense on its own? I think there's a problem with that in the wording of the statute. 2260A says that its penalty is imposed consecutive to the sentence imposed for the other offense. So I think the — So you would — you would agree with the proposition that this cannot be a freestanding crime? Based on its plain language, I don't see how it could be, because it contemplates that there already is a sentence for the other predicate crime, one of the enumerated statutes. With that, I see that my time is up, and I'm willing to submit. Thank you, Your Honor. Thank you. We appreciate the arguments of both counsel in this difficult case. The case is submitted.
judges: Alarcon, Graber, Berzon